IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ralph Leon Bailey, Jr, ) | |
| ) | Civil Action No. 6:11-832-TLW-KFM |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Warden McCall, ) | |
| ) | |
| Respondent. ) | |
| ) | |

      The petitioner, a state prisoner who is represented by counsel, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND

      The petitioner is currently confined at Perry Correctional Institution in the South Carolina Department of Corrections ("SCDC"). He was indicted at the August 21, 1997, term of the York County grand jury for armed robbery (Indictment 97-GS-46-2540). The petitioner's incarceration stems from a June 16, 1997, incident in which he entered a Rock Hill dry cleaner, approached the young woman who was working the counter, handed her a note and demanded money. As she gave him the money, he motioned to his shirt as if he had a weapon and fled (App. 53-59, 188). Following the incident, the petitioner was arrested and charged with armed robbery (App 187-88). The petitioner was subsequently tried before the Honorable Daniel E. Martin and a jury on March 11, 1998 (App. 1-151). The petitioner was represented by Harry Dest and Michael Hitchcock, while the State was

represented by Phillip Smith and Jennifer Detrick (App. 1). At the conclusion of the trial, the jury found the petitioner guilty as charged. The trial court sentenced the petitioner to life imprisonment without parole ("LWOP") (App. 142-45, 149).

*Direct Appeal*

The petitioner, represented by Tara Taggart, timely appealed his conviction and sentence arguing the "trial judge erred in refusing to direct a verdict where the state failed to prove an essential element of the crime of armed robbery" (Supp. App. I 30). In response, the State, represented by Harold Coombs, asserted "the State introduced evidence reasonably tending to prove all elements of armed robbery, and the trial court correctly denied Appellant's motion for a directed verdict." (Supp. App. I 18). The petitioner's conviction was affirmed by the South Carolina Court of Appeals on June 22, 1999, after which the petitioner unsuccessfully sought rehearing (Supp. App. I 11-16). The petitioner's counsel subsequently filed a petition for writ of certiorari in the Supreme Court of South Carolina, which was denied on December 15, 1999 (Supp. App. I 2-10). The remittitur was issued on January 27, 2000 (Supp. App. I 1).

*First PCR*

On November 11, 2000, the petitioner filed an application for post conviction relief ("PCR") (#2000-CP-46-2502) alleging: (1) ineffective assistance of trial counsel;[1] (2) ineffective assistance of appellate counsel for failing to conduct a proper appeal and failure to raise prosecutorial misconduct; and (3) lack of subject matter jurisdiction to sentence him to life without parole (Supp. App. I 38-41). The State, represented by Dave Spencer, filed a return and requested an evidentiary hearing on the petitioner's ineffective assistance of trial counsel claims (App. 161-66). The State served its return on the petitioner's counsel

---

[1] Specifically the petitioner alleged that counsel was ineffective for failing to: (a) conduct a proper pretrial investigation; (b) investigate his mental history; (c) object to police opinion testimony and bolstering by police officer of an alleged victim's testimony; (d) investigate prior criminal convictions; (e) object to alleged robbery note, written by the petitioner, and ". . . actually stipulated to the note being allowed into evidence. . . " (Supp. App. I 40-41).

2

at the time, Kevin Cunningham, on August 3, 2001 (App. 166). An evidentiary hearing was convened on July 29, 2002, before the Honorable John C. Hayes, III. At the hearing, the State was represented by Bryan Dukes while the petitioner was represented by James Hancock (App. 168). The transcript from this hearing is unavailable and, as explained below, was the subject of a reconstruction hearing (App. 167). Following the hearing, the PCR court issued a written order denying and dismissing the petitioner's PCR application on September 19, 2003 (App. 168-74). The petitioner did not file a Rule 59(e), SCRCrimP Motion to Alter or Amend. After the denial of his PCR application, the petitioner filed a *pro se* notice of appeal, but failed to provide proof of service as is required under South Carolina law[2] (App. 168-74). On October 6, 2003, the petitioner's PCR counsel was notified, via letter, of the filing of the *pro se* notice of appeal and that the *pro se* notice did not comply with South Carolina Appellate Court Rules (Supp. App. I 45-46). The letter to the petitioner's PCR counsel further reminded counsel that, pursuant to the appellate court rules, he remained counsel of record in the matter and that he had ten days within which to correct the deficiencies in the *pro se* notice of appeal (Supp. App. I 45-46). The petitioner's PCR counsel failed to respond (Supp. App. I 45-46). Accordingly, on October 16, 2003, the Supreme Court of South Carolina dismissed the petitioner's PCR appeal (App. 168-74). The petitioner responded by letter on October 23, 2003, which the Supreme Court of South Carolina interpreted as a motion to reinstate the appeal; however, as the time within which to serve the notice of appeal had already expired, the Supreme Court issued a written order dismissing the appeal on November 17, 2003 (Supp. App. I 45-46).

---

[2] *See* Rule 203(b)(1, SCACR (stating a notice of appeal must be served on all respondents within 30 days after receipt of written notice of entry of the order or judgment); *USAA Property and Cas. Ins. v. Clegg*, 661 S.E.2d 791 (S.C. 2008) (stating the Supreme Court of South Carolina has consistently held Rule 203(b), SCACR's service requirement is jurisdictional).

***Second PCR***

On January 20, 2004, the petitioner filed a second PCR application. In the application, the petitioner raised each of the grounds from his previous application and added an *Austin v. State*, 409 S.E.2d 395 (S.C. 1991) claim that he failed to receive appellate review from the denial of his initial PCR action (Supp. App. I 48-58). The State, represented by Arie Bax, filed its return and motion to dismiss on January 5, 2005, arguing the petition was both successive and untimely (Supp. App. I 59-67). On January 26, 2005, a conditional order of dismissal was issued (App. 177-81). In response to the conditional order of dismissal, the petitioner wrote a letter explaining that an appeal from his first PCR action was never perfected due to PCR counsel's failure to respond to requests for a proof of service from the Supreme Court of South Carolina (doc. 29-4). Accordingly, an evidentiary hearing was conducted before Judge Hayes on October 31, 2005 (App. 175). The State was represented by Julie M. Thames, while the petitioner was represented by Tracey Reynolds (App. 175). The transcript from this hearing is also unavailable as it was more than five years old and was destroyed (*see* doc. 29-5). Following the conclusion of the hearing, the PCR court issued an order stating that the petitioner was entitled to a belated PCR appeal pursuant to *Austin.* Additionally, the PCR court ruled the petitioner's remaining allegations could not be revisited as they were addressed in his first PCR (App. 176). The order was filed on January 4, 2006. No appeal was filed (App. 184). The time within which to file and serve the notice of appeal would have expired on or about February 6, 2006.[3] *See* Rule 203(b)(1), SCACR, (stating a notice of appeal must be served on all respondents within 30 days after receipt of written notice of entry of the order or judgment); *USAA Property and Cas. Ins. v. Clegg*, 661 S.E.2d 791 (S.C. 2008) (stating the Supreme Court of South Carolina has consistently held Rule 203(b), SCACR's service requirement is jurisdictional).

---

[3] The State received written notice of the entry of judgment on January 6, 2006 (*see* doc. 29-6 at 4).

4

***Third PCR***

On August 31, 2006, the petitioner filed his third application for PCR (#2006-CP-46-2286) (App. 154). In the application, the petitioner alleged: (1) ineffective assistance of PCR counsel, and (2) "violation of due process to appeal denial of PCR after being granted appeal by PCR court on November 28, 2005" (App. 156). Thereafter, the parties entered into a consent order, agreeing that the petitioner's second PCR attorney, Tracey Reynolds, "failed to file a timely notice of appeal for the first PCR from the order filed in January 2006" (App. 184). Accordingly, Judge Hayes granted a belated appeal and dismissed the remainder of the petitioner's PCR claims (App. 184).

After the timely filing and service of the notice of appeal, the petitioner, represented by Robert Pachak of the South Carolina Commission on Indigent Defense, filed among other things, a petition for writ of certiorari pursuant to *Austin v. State* arguing, "petitioner's case should be remanded for a reconstruction hearing of his first PCR or a new PCR hearing in the alternative since there is no transcript available from his first PCR hearing" (*see* pet. for writ of cert. pursuant to *Austin*). In response, the Supreme Court of South Carolina agreed and issued an order granting the petition for writ of certiorari from the order granting belated review, dispensed with further briefing, and remanded for a reconstruction hearing (doc. 29-8). On October 28, 2008, in accordance with the court's order, a reconstruction hearing was conducted before Judge Hayes (Supp. App. II 1). The petitioner and his former trial attorneys, Harry Dest and James Hancock, testified at the hearing (Supp. App. II 2). The petitioner remained represented by appellate counsel Pachak, while the State was represented by Ashley McMahan (Supp. App. II 1). After the hearing concluded, Judge Hayes issued a written order finding the transcript of the hearing from October 28, 2008, was a reconstruction of the July 29, 2002, hearing in #2000-CP-46-2502 (Supp. App. II 63-64). Counsel Pachak received the order on January 20, 2009. On January 22, 2009, he appealed Judge Hayes' order regarding the accuracy of the reconstruction hearing.

On January 29, 2009, the Supreme Court of South Carolina issued an order requesting briefing on: (1) the errors in the first PCR action if *Austin* review is granted by the court based upon the transcript from the reconstruction hearing; and (2) the alleged errors in the manner in which the circuit court reconstructed the record.

On April 23, 2009, the petitioner filed a *Johnson* petition arguing "defense counsel was ineffective in failing to object to the accuracy of prior armed robbery convictions to support a life without parole sentence" *(*doc. 29-11). No *pro se* brief was filed. On September 14, 2010, certiorari was denied by the court of appeals, which, after performing a review pursuant to *Johnson,* granted appellate counsel's motion to withdraw (doc. 29-12). The remittitur was issued on October 1, 2010 (doc. 29-13).

## **FEDERAL PETITION**

The plaintiff's federal habeas petition was received by the Perry Correctional Institution mailroom on April 5, 2011,[4] and was filed in the district court on April 8, 2011[5] (*see* doc. 1-1). In his petition, which was filed *pro se*, the petitioner makes the following claims: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; and (3) "subject matter jurisdiction claim in violation of due process and equal protection and ineffective assistance of counsel" (pet. 6-9).

On August 29, 2012, the respondent filed a motion for summary judgment. By order filed August 30, 21012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On October 10, 2012, the petitioner was granted an extension of time through November 9, 2012, to file a response to the motion for summary judgment. He filed a response on November 9, 2012.

---

[4]As the petitioner is a prisoner, he should have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), which held that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the District Court.

[5]Due to an error by the Clerk of Court, the petition was not forwarded for initial review by the undersigned until April 2012. Service on the respondent was authorized on April 3, 2012.

6

## APPLICABLE LAW AND ANALYSIS

The present habeas corpus petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Accordingly, the provisions of the AEDPA apply to this case. *Lindh v. Murphy*, 521 U.S. 320 (1997).  The respondent first argues[6] that the petition is untimely under the one-year statutory deadline set forth in the AEDPA.  This court agrees.  The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  However, "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2).  State collateral review tolls the one-year statute of limitations under § 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), but it does not establish a right to file within one year after completion of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Applying this criteria to the present case, it is clear that the petitioner did not timely file within the one-year limitations period in § 2244(d)(1)(A).  The South Carolina Supreme Court denied the petitioner's petition for writ of certiorari in his direct appeal on December 15, 1999.  The statute of limitations began to run 90 days later on March 16, 2000. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000) (direct review concludes at the expiration of time for seeking certiorari from the United States Supreme Court); Sup. Ct. R. 13(1) (time for filing petition for certiorari with United States Supreme Court is 90 days).

The statute of limitations was tolled pursuant to § 2244(d)(2) at day 241 when the petitioner filed a PCR action on November 11, 2000.  Even assuming for purposes of this motion that § 2244(d)(2)'s tolling provision included the time between collateral actions up until the time appellate review was denied via the denial of certiorari on September 14, 2010, and issuance of the remittitur on October 1, 2010, the federal petition would still be

---

[6] As this court recommends that the petition be dismissed as untimely, the respondent's remaining arguments will not be addressed.

7

untimely. Giving the petitioner every benefit of the doubt under this scenario, the statute of limitations would begin again on October 2, 2010, at day 242, and would have expired on February 2, 2011, approximately two months before the petitioner placed his habeas petition in the prison mail system on April 5, 2011.

The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010)*; Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000)*.* "To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330.

The petitioner has failed to show that he is entitled to equitable tolling. Specifically, he has failed to show that he has been pursuing his rights diligently by explaining the time gaps between the following: (1) the conclusion of direct review on March 16, 2000, and the filing of his first PCR on November 11, 2000 – eight months; (2) dismissal of first PCR appeal on November 17, 2003, and the filing of his second PCR on January 20, 2004 – two months; (3) expiration of time to file an *Austin* appeal on February 6, 2006, and filing of third PCR on August 31, 2006 – six and a half months; and (4) the conclusion of *Austin* review on October 1, 2010, and the filing of his federal petition on April 5, 2011 – six months. Secondly, the petitioner has not shown that some extraordinary circumstance stood in his way and prevented him from timely filing his federal petition. Accordingly, this is not an appropriate case for equitable tolling.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 26) be granted.  *See Rouse v. Lee*, 339 F.3d 238, 257 (4th Cir. 2003)  (affirming dismissal of petition filed one day late), *cert. denied*, 541 U.S. 905 (2004).

                                                                    s/Kevin F. McDonald
                                                                    United States Magistrate Judge

January 22, 2013
Greenville, South Carolina